**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **ConAgra Foods, Inc.** )<br>)<br>**Plaintiff/Judgment Creditor** )<br>)<br>v. )<br>)<br>**C.H. Dredge & Co., Inc.** )<br>)<br>**Defendant/Judgment Debtor** )<br>and )<br>)<br>**Lexington Insurance Co.** )<br>)<br>**Garnishee** ) | No. 03 C 9218<br><br>HONORABLE DAVID H. COAR |

**MEMORANDUM OPINION AND ORDER**

This matter comes before this Court on Lexington Insurance Company's ("Lexington") motion to vacate conditional judgment.

ConAgra filed this action to recover damages from C.H.Dredge & Co., Inc. ("Dredge") for breach of contract and negligence relating to a truck shipment of spoiled turkey meat. On April 27, 2004, this Court entered judgment in favor of ConAgra for $83,273.10. Dredge is insured by Lexington Insurance Company. On July 27, 2004, this Court entered a Conditional Judgment against Lexington Insurance Company, which provided that the judgment might be confirmed if Lexington failed to comply with the requirements of the Garnishment Summons to Confirm Conditional Judgment. Lexington also filed its Answers to Interrogatories to Garnishee, stating that at the time of service, it did not have in its possession, custody or control any

-1-

property belonging to Dredge. Moreover, Lexington asserted that ConAgra's claim against Dredge was excluded from Dredge's policy with Lexington.

Lexington filed a motion to vacate conditional judgment with this Court on December 8, 2004. Lexington asserted that it has complied with the requirements of the Garnishment Summons to Confirm Conditional Judgment (Non-Wage). It further contends that ConAgra's claim against Dredge was excluded from Dredge's policy with Lexington; and that, when Lexington was served with summons, it was not otherwise indebted to Dredge. For these reasons, Lexington seeks vacation of conditional judgment.

ConAgra filed its response to Lexington's motion to vacate on January 7, 2005. ConAgra moves that this Court deny Lexington's motion to vacate the conditional judgment. ConAgra contends that because Lexington filed Answer to Interrogatories to Garnishee, it must be governed by the applicable procedure for contesting the truth of its answers. Under Rule 69 of the Federal Rules of Civil Procedure, the process to execute a money judgment "shall be in accordance with the practice and procedure of the state in which the district court is held." Fed. R. Civ. P. 69(a). ConAgra asserts that under section 5/12-711 of the Illinois Code of Civil Procedure, which is made applicable through Federal Rule 69(a), states:

> The judgment creditor or the judgment debtor may contest the truth or sufficiency of the garnishee's answer and the court shall immediately, unless for good cause the hearing is postponed, proceed to try the issues. The answer of the garnishee shall be considered denied without further pleading.

735 ILCS 5/12-711(a) (1993).

ConAgra contends that Lexington is incorrect in asserting that ConAgra's loss was excluded from Dredge's insurance policy. Further, ConAgra argues that Illinois law mandates that this Court not vacate the conditional judgment against Lexington but rather proceed directly

to trial. Accordingly, ConAgra moves this Court for a trial on the question of whether Lexington's policy provides coverage to Dredge for ConAgra's loss, with or without a discovery schedule and/or for a briefing schedule on a motion for summary judgment to be filed by ConAgra.

In its reply brief, Lexington asserts that Illinois law does not mandate that this Court not vacate the conditional judgment against it. Lexington renews its contention that the conditional judgment should be vacated, but also asserts that, after a short period for discovery, a trial should be set on two issues. The first issue is whether ConAgra obtained a valid judgment against Dredge; the second issue is what, if any, benefits Dredge was entitled to under its policy with Lexington.

This Court has discretionary authority to vacate a conditional judgment against a garnishee. *Coleman Financial Corp. v. Schuddekopf*, 89 Ill. App. 2d 150, 152, 232 N.E.2d 104 (Ill. App. Ct. 1967). When a garnishee appears and answers before final judgment is entered, and plaintiff then contests its answer, garnishee is entitled to a hearing on the issues as in other civil cases. *Buckner v. Causey*, 311 Ill. App. 3d 139, 724 N.E.2d 95 (Ill. App. Ct. 1999). Entry of a conditional judgment does not finally determine the rights of the parties, who are entitled to further hearings on garnishee's answer and on any challenge by the plaintiff. *Id.* at 153.

Lexington seeks to challenge the validity of the judgment in the underlying breach of contract dispute. Lexington has not provided compelling reasons why this Court should allow the judgment against Dredge to be disturbed. For that reason, the underlying judgment for ConAgra against Dredge will not be reopened.

The other question at issue in this case is whether ConAgra's loss is covered by Dredge's insurance policy with Lexington or whether the loss properly should be excluded from Lexington's coverage. Summary judgment proceedings on this question will permit the parties to flesh out the issue of whether the loss is covered and permit this Court to make a final determination of the rights of the parties.

**Conclusion**

The conditional judgment is hereby vacated. Motions for summary judgment on the question of whether ConAgra's loss is properly covered by Dredge's policy with Lexington shall be filed on or before February 28, 2005.

Enter:

/s/ David H. Coar
_____
David H. Coar
United States District Judge

Dated: **February 1, 2005**